

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00724-CR

Brenard Adrian **JEFFERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR0455
Honorable Michael E. Mery, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:         Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice
                H. Todd McCray, Justice

Delivered and Filed: August 20, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

In January of 2021, a Bexar County grand jury indicted appellant Brenard Adrian Jefferson for aggravated assault with a deadly weapon. The indictment alleged that Jefferson cut and stabbed the complainant, Phyllis Monique John, with a knife. Jefferson pleaded guilty to the charge. In July of 2021, the trial court signed an order of deferred adjudication, placed Jefferson on community supervision for eight years, and ordered him to comply with multiple conditions of community supervision.

On June 30, 2023, the State filed a motion to enter adjudication of guilt and revoke community supervision, but it later withdrew this motion. On February 1, 2024, the State filed a second motion to enter adjudication of guilt and revoke community supervision. In accordance with an agreement between the parties, the trial court denied the State's second motion to revoke. However, it signed an order adding additional conditions of community supervision.

On May 3, 2024, the State filed a third motion to enter adjudication of guilt and revoke community supervision, alleging that Jefferson violated the terms of his community supervision by, *inter alia*, failing "to report to the Supervision Officer as directed for the month of March 2024, in violation of Condition No. 5." The State later filed an amended motion that alleged the same violation. During the September 24, 2024 hearing on the State's motion to revoke, Jefferson pleaded true to this allegation. The trial court accepted Jefferson's plea of true, found the allegation to be true, found him guilty of the underlying aggravated assault, and sentenced him to five years in prison with credit for 590 days of time already served. Jefferson's appointed trial counsel timely filed a notice of appeal and motion for new trial, and the trial court appointed counsel to represent him in this appeal.

On appeal, Jefferson's court-appointed appellate attorney filed a brief in which he concludes this appeal is frivolous and without merit, and requests to withdraw as counsel. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California,* 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel sent copies of the brief, which included a request to withdraw, to Jefferson and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). This court notified Jefferson of the deadline to file a *pro se* brief. Jefferson did not file a *pro se* brief.

We have thoroughly reviewed the record and counsel's brief. We find no arguable grounds for appeal exist and have decided the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We therefore grant appointed counsel's motion to withdraw and affirm the trial court's judgment. *See Bledsoe*, 178 S.W.3d at 826–27; *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Jefferson wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Lori I. Valenzuela, Justice

DO NOT PUBLISH